THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00153-MR
[CRIMINAL CASE NO. 1:08-cr-00069-MR-1]

| | |
|---|---|
| REX ALLEN HOGLEN, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

I.  **BACKGROUND**

Petitioner was named as the sole defendant in an Indictment. Petitioner was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of knowingly possessing a stolen firearm which had been shipped and transported in interstate and foreign commerce, in violation of 18

U.S.C. § 922(j) (Count Two); and one count of stealing a firearm which had moved in interstate and foreign commerce, in violation of 18 U.S.C. § 924(l) (Count Three).  [Criminal Case No. 1:08-cr-00069, Doc. 1: Indictment].

Petitioner entered into a written plea agreement with the Government and agreed to plead guilty to Count Three of the Indictment in exchange for the Government's agreement to dismiss Counts One and Two.  [Id., Doc. 12]. On July 28, 2008, Petitioner appeared with counsel before U.S. Magistrate Judge Dennis L. Howell for his Plea and Rule 11 hearing. Petitioner's plea of guilty was accepted after the Court found that the plea was knowingly and voluntarily entered.  [Id., Doc. 13: Acceptance and Entry of Guilty Plea].

On February 24, 2009, Petitioner appeared before the Honorable Lacy H. Thornburg for his sentencing hearing. The Court dismissed Counts One and Two on the Government's motion and sentenced Petitioner to a term of 80 months' imprisonment on Count Three.  [Id., Doc. 21: Judgment in a Criminal Case].  Petitioner did not appeal.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2255(f)(1)-(4).

3

28 U.S.C. § 2255(f).

Petitioner's judgment was entered on February 24, 2009, and he did not appeal. Therefore, his judgment became final ten days after entry of judgment. See Fed. R. App. P. 4(b) (giving ten days to file a notice of appeal, which was amended to fourteen days effective December 1, 2009); Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner avers that he placed his § 2255 motion in the prison mailing system on May 20, 2013. [Doc. 1 at 7].[1] Therefore, unless he can satisfy one of the provisions of § 2255(f), it would appear that his § 2255 motion, which was filed nearly three years after his judgment became final, is untimely. Petitioner contends that his § 2255 motion is timely based on the date that the *en banc* opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) was filed. [Id. at 6 (noting that "[t]he Simmons law did not become available until 2011")]. Petitioner fails to explain, however, why he waited until May of 2013 in order to file his petition for collateral relief.

Even if Petitioner's motion had been timely filed, he is not entitled to any relief. In his motion, Petitioner argues that he was illegally sentenced

---

[1] The Court finds that it is apparent from Petitioner's pleading that he understands the one-year limitation period and that consequently no warning need issue prior to *sua sponte* dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

and convicted of a federal crime based on the use of prior state convictions for which he never served more than one year in prison. [Doc. 1 at 4].

Petitioner's reliance on the Fourth Circuit's en banc opinion in Simmons is misplaced. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to support a sentencing enhancement for a controlled substance offense or an offense under § 922(g), for instance, the individual defendant must have been convicted of an offense for which that defendant could have been sentenced to a term exceeding one year imprisonment. Simmons, 649 F.3d at 243 (emphasis added). Here, Petitioner pled guilty to stealing a firearm which had moved in interstate or foreign commerce under 18 U.S.C. § 924(l). This offense is simply not dependent on the existence of a prior conviction for which he could have received more than one year. Accordingly, the Court finds that Petitioner's § 2255 is entirely without merit and should be denied and dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's § 2255 is untimely, and further, that the legal authority he relies upon does not entitle him to any relief from his criminal judgment.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255

Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**   Signed: May 23, 2014

Martin Reidinger
United States District Judge